UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BENJAMIN DAN LEE,

        Plaintiff,

v.

STATE OF NEVADA,

        Defendant.

Case No. 2:25-cv-01022-EJY

**ORDER**

Pending before the Court is Plaintiff's Complaint and Application to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted below. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed, in part, without prejudice and with leave to amend.

I.      **Screening Standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination the court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff.  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id*.  In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

1    of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

2    factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-

3    28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

4    **II.    Discussion**

5          A.    <u>The State of Nevada is Immune from Suit</u>.

6          The caption of Plaintiff's Complaint, as well as his first claim for relief, identifies the State

7    of Nevada and one of its departments, the Department of Training, Employment, and Rehabilitation,

8    as defendants. ECF No. 1-1 at 1, 5. Plaintiff can raise no 42 U.S.C. § 1983 claims against the State

9    of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't*

10   *of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section);

11   *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that

12   "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an

13   unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming

14   state agencies and departments as defendants, and applies whether the relief sought is legal or

15   equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh

16   Amendment immunity). Thus, to the extent Plaintiff seeks to sue the State of Nevada or any of its

17   departments (such as the Department of Employment, Training, and Rehabilitation) these claims are

18   barred by the Eleventh Amendment and dismissed with prejudice.

19         B.    <u>Plaintiff's Claims Against Purrfect Auto Fail as a Matter of Law</u>.

20         Plaintiff claims he brought his car to Purrfect Auto for repair and that repair apparently went

21   badly. ECF no. 1-1 at 5. This, in turn, appears to have caused some damages to "priceless intellect

22   [sic] property, and … physical ailments." *Id*. Plaintiff does not provide an address for Purrfect Auto,

23   but all events described occurred in Las Vegas, Nevada, where Plaintiff also resides. *Id*.

24         Federal district courts are courts of limited jurisdiction, possessing only that power

25   authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

26   1027 (9th Cir. 2011) (quotation omitted). Federal courts have the authority to determine their own

27   jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The

28   party asserting federal jurisdiction bears the burden of proving that the case is properly in federal

1    court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General*

2    *Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  A court may raise the question of subject

3    matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter

4    jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

5            Federal district courts "have original jurisdiction of all civil actions arising under the

6    Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This is commonly referred

7    to a federal question jurisdiction.  Here, Plaintiff alleges no violation of the Constitution or laws of

8    the United States against Purrfect Auto.  ECF No. 1-1.  Indeed, there are no facts from which the

9    Court could liberally construe such a claim.  Thus, Plaintiff fails to establish a basis for the Court to

10   exercise federal question jurisdiction over this claim.

11           Federal district courts also have original jurisdiction over civil actions in diversity cases

12   "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is

13   between "citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires complete

14   diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the

15   defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Here, Plaintiff's

16   allegations establish he and Purrfect Auto are both citizens (residents) of Nevada and, therefore, no

17   diversity of citizenship exists.

18           In addition to the jurisdictional problems, Rule 8(a) of the Federal Rules of Civil Procedure

19   requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

20   R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."

21   Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …."  A

22   complaint offering scattered factual elements, not organized into a "short and plain statement of the

23   claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d

24   635, 640 (9th Cir. 1988).  Moreover, a plaintiff's allegations must identify a cause of action and be

25   clear with respect to what claim or claims the plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d

26   338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must

27   present factual allegations sufficient to state a plausible claim for relief).  Plaintiff's claims against

28   Purrfect Auto are non-sensical and fail to demonstrate any basis for relief.  ECF No. 1-1 at 5.  There

is no discernable cause of action against Purrfect Auto found in Plaintiff's allegations.  Given the lack of subject matter jurisdiction, the Court finds providing Plaintiff the opportunity to amend his claim against Purrfect Auto would be futile.  Thus, Plaintiff's claims against Purrfect Auto are dismissed with prejudice.

C.    Plaintiff Fails to State a Claim Against an Unidentified Police Officer.

In Plaintiff's single claim for relief he states in May 2025 his car was parked at the Charleston library.  He seems to allege there was something wrong with his vehicle ("[t]he engine might have blown again—the coolant was not going down") and a "police officer then committed to discriminate and sexually harass me."  *Id*.  This claim is so vague and untethered to any decipherable fact that Plaintiff fails to state a claim.

While "[a]ll pleadings shall be construed as to do substantial justice," Fed. R. Civ. P. 8(f), and "[n]o technical forms of pleading ... are required," Fed. R. Civ. P. 8(e)(1), a complaint must contain sufficient factual averments to show that the claimant may be entitled to some relief.  *Am. Timber & Trading Co. v. First Nat'l Bank*, 690 F.2d 781, 786 (9th Cir.1982).  Plaintiff's single conclusory allegation is insufficient to offer the Court the information necessary to assess the viability of this claim under any theory of law.  For this reason this claim is dismissed without prejudice, but with leave to amend.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against the State of Nevada, including the state's Department of Employment, Training, and Rehabilitation, are dismissed with prejudice. These claims may not be repleaded.

IT IS FURTHER ORDERED that Plaintiff's claim or claims against Purrfect Auto are dismissed with prejudice because there is neither federal question nor diversity jurisdiction over this claim.  Claims against Purrfect Auto may not be repleaded.

IT IS FURTHER ORDERED that Plaintiff's claim of sexual harassment by an unidentified police officer is dismissed without prejudice, but with leave to amend.

1        IT IS FURTHER ORDERED that Plaintiff is granted through and including **July 10, 2025**

2  to file an amended complaint.  If Plaintiff chooses to file an amended complaint, the document must

3  be titled "Amended Complaint."  The amended complaint must contain a short and plain statement

4  of facts describing the specifics that underlies Plaintiff's claims of harassment by a police officer.

5  Plaintiff must, to the best of his ability to do so, identify the officer who he seeks to sue.  Plaintiff

6  must also identify the claim he is asserting.  Although the Federal Rules of Civil Procedure adopts a

7  flexible pleading standard, Plaintiff still must give each defendant fair notice of Plaintiff's claims

8  against him or her.

9        IT IS FURTHER ORDERED that the Clerk of Court is to send Plaintiff the form civil rights

10  complaint for a non-prisoner together with the instructions for completing the same.

11        IT IS FURTHER ORDERED that failure to timely comply with the terms and substance of

12  this Order will result in a recommendation to dismiss Plaintiff's claims in their entirety.

13        Dated this 12th day of June, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE