UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENJAMIN DAN LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA,<br><br>　　　　Defendant. | Case No. 2:25-cv-01022-EJY<br><br>**ORDER** |

**I.　Discussion**

On June 12, 2025, the Court entered a Screening Order granting Plaintiff's Application to Proceed *in forma pauperis* and dismissing Plaintiff's Complaint in part, with prejudice, and in part without prejudice but with leave to amend. ECF No. 5. Plaintiff was given through and including July 10, 2025 to file an amended complaint. *Id*. The form complaint and instructions for filing the same were mailed to Plaintiff with the Court's Order. *Id*. Further, the Court explained that if Plaintiff chose to file an amended complaint, that filing had to contain "a short and plain statement of facts describing the specifics that underlies Plaintiff's claims," including facts supporting his claims of harassment by a then-unidentified police officer. *Id*.

Plaintiff filed an Amended Complaint on July 7, 2025. ECF No. 6. While the Amended Complaint identifies a North Las Vegas police officer by name, the submission alleges no facts at all. *Id*. Indeed, the section of the Amended Complaint set aside for factual allegations is blank. *Id*. at 4. No claims for relief are asserted and no relief is identified. *Id*. Thus, Plaintiff states no claim arising under the Constitution or laws of the United States.[1] Plaintiff also does not establish a basis for diversity jurisdiction as all parties are identified as located in Las Vegas, Nevada.[2] *Id*. at 1-2.

---

[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] *See* 28 U.S.C. § 1332(a).

1

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). As the party asking the federal court to exercise jurisdiction, Plaintiff "bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In the absence of any claims, there is no basis to exercise jurisdiction over this dispute. Plaintiff's concerns can be raised in state court if he wishes to pursue them, but there is no basis for this Court to exercise jurisdiction. In the absence of jurisdiction, it is not an abuse of discretion to dismiss. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that the First Amended Complaint (ECF No. 6) is the operative complaint in this case.

IT IS FURTHER ORDERED that the First Amended Complaint (ECF No. 6) is dismissed in its entirety without prejudice and without leave to amend in federal court. Plaintiff may choose to pursue claims in state court given a dismissal without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment accordingly and close this matter. No other documents may be filed in this now closed case.

Dated this 21st day of July, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE